Ethel Kantor v. Commissioner.
Kantor v. Commissioner
Docket No. 2252-64.
United States Tax Court
T.C. Memo 1965-234; 1965 Tax Ct. Memo LEXIS 93; 24 T.C.M. (CCH) 1193; T.C.M. (RIA) 65234; August 30, 1965
Leonard Jay Reade, for the petitioner. Arnold Y. Kapiloff, for the respondent. FORRESTER
Memorandum Findings of Fact and Opinion FORRESTER, Judge: Respondent has determined deficiencies in petitioner's income taxes of $40 for the calendar year 1960, $327 for the calendar year 1961 and $369.30 for the calendar year 1962. The sole issue for each of the years is whether the sums of $1,800 received by petitioner from her husband Marvin Kantor (hereinafter referred to as Marvin) in *94 each such year is includible in petitioner's taxable income. Some of the facts have been stipulated and are so found. Petitioner filed her individual income tax returns for the years in issue with the district director of internal revenue, Los Angeles, California. Petitioner and Marvin were married in 1943 and had two children who were born in September 1946 and July 1951, respectively. In October 1957 petitioner applied to the Domestic Relations Court, Nassau County, New York, and was granted an order requiring that Marvin send her $35 each week. Thereafter, on or about December 26, 1957, petitioner instituted an "ACTION FOR A SEPARATION OF MARRIAGE" in the Supreme Court of the State of New York, County of Nassau, wherein she prayed for a decree of separation and for support and maintenance (from Marvin) for herself and the two children. Also, on December 26, 1957, petitioner filed her affidavit in support of her above complaint. On or about January 14, 1958, Marvin made and filed his affidavit in opposition in petitioner's action as above and thereafter on January 28, 1958, Justice Hill of the said Supreme Court took action in the described controversy by issuing the following *95 memorandum order: ETHEL KANTOR, Plaintiff, VS. MARVIN KANTOR, Defendant. Temporary alimony is fixed in the sum of $35.00 per week; the determination of counsel fee is reserved for the trial court. Settle order. Thereafter, on or about February 18, 1958, petitioner filed and had served on Marvin's attorney of record in the above proceeding a "Note of Issue," indicating that issue had been joined and that her cause of action for separation was ready for trial without a jury. No further proceedings were had in such action and Marvin continued to make periodic payments to petitioner, which payments totaled $1,800 in each of the years in issue. At the trial of the instant case petitioner's counsel seemed to be contending that all, or at least a part of the sums paid by Marvin during the years in issue, had been paid in support of the minor children, and therefore fell within the terms of section 71(b) of the Internal Revenue Code of 1954. This position was also taken in the petition filed on behalf of petitioner herein, but it is not mentioned or urged in petitioner's brief or reply brief. It is now quite clear under the teaching of Commissioner v. Lester, 366 U.S. 299 (1961), *96 that amounts or parts (of such periodic payments as are here concerned) allocable to the support of minor children must be specifically stated. Petitioner's abandonment of this argument is thus understandable. Petitioner is now contending that the payments made by Marvin during the years in issue were voluntary and gratuitous and were made in discharge of his moral obligation to his family. She ignores the applicable regulation. [1]
*97 Petitioner's reasoning is perhaps best summarized by the following excerpt from her brief: 4. Since the formal record in the separation action does not reflect the formal "settlement" of the memorandum order, as required by the direction contained therein, it is not the valid order contemplated by § 71(a)(3) of the Internal Revenue Code. Since the sums were not paid pursuant to a valid order, they cannot constitute taxable income. 5. Even if the Memorandum Order is deemed valid, it lapsed, as a matter of law, when the cause of action from which it arose was voluntarily discontinued by the parties, or, in the alternative, when the cause of action was stricken from the court calendar by the operation of law for failure to prosecute within a specified time. 6. Petitioner's husband actually conceded that there was no valid order requiring him to make any payments to Petitioner. * * * Petitioner's positions are entirely without substance. There is nothing in the record to indicate that Justice Hill's memorandum order of January 28, 1958, is not valid or that it has lapsed or been voluntarily discontinued by the parties. Neither is there anything in the record *98 to indicate that Ethel's cause of action under which such order was issued was stricken from the court calendar for failure to prosecute or otherwise, nor has Marvin conceded that there was no valid order requiring him to make the payments of $1,800 to petitioner in each of the years in issue. Decision will be entered for the respondent. Footnotes
1. Sec. 1.71-1(b)(3)(i), Income Tax Regs.
(3) Decree for support. (i) Where the husband and wife are separated and living apart and do not file a joint income tax return for the taxable year, paragraph (3) of section 71(a)↩ requires the inclusion in the gross income of the wife of periodic payments (whether or not made at regular intervals) received by her after August 16, 1954, from her husband under any type of court order or decree (including an interlocutory decree of divorce or a decree of alimony pendente lite) entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. It is not necessary for the wife to be legally separated or divorced from her husband under a court order or decree; nor is it necessary for the order or decree for support to be for the purpose of enforcing a written separation agreement.